## CONFIDENTIAL SETTLEMENT AGREEMENT AND
## GENERAL RELEASE OF ALL CLAIMS

This Confidential Settlement Agreement and General Release of All Claims (hereinafter "Agreement") is entered into by and between US Investigations Services, LLC ("USIS" or "Defendant") and Plaintiff Dawn Kojac ("Kojac" or "Plaintiff") (collectively, the "Parties").

### RECITALS

On October 4, 2013, Kojac, a former USIS investigator, filed suit against Defendant, styled as *Dawn Kojac v. US Investigations Services, LLC* and bearing the Case Number 13-62162, in the U.S. District Court for the Southern District of Florida (the "Lawsuit"). On May 29, 2014, the Court approved the dismissal, with prejudice, of Kojac's retaliation claim, leaving a sole claim for alleged unpaid wages pursuant to the Fair Labor Standards Act. USIS denies all allegations in the Lawsuit and all claims of any wrongdoing.

The purpose of this Agreement is to settle completely and to cause the release, compromise and discharge of Defendant, and all persons and entities being released herein, from every claim and/or cause of action that Kojac has or may have against Defendant and all persons and entities being released herein, including without limitation any and all claims that were or could have been raised in the Lawsuit against Defendant based on Kojac's employment, as well as every other claim that Kojac has or could assert arising out of her employment or alleged employment with and separation from USIS.

### AGREEMENT

In consideration of the facts set forth in the recitals listed above, the covenants and promises in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties mutually agree as follows:

1.  **No Admission of Liability.** This Agreement and compliance with this Agreement shall not be construed as an admission by Defendant of any liability whatsoever, or as an admission by Defendant of any violation of the rights of Kojac or any violation of any order, law, statute, duty, or contract whatsoever against Kojac. Defendant specifically denies and disclaims any liability to Kojac for any alleged violation of the rights of Kojac, or for any alleged violation of any order, law, statute, duty, or contract on the part of Defendant. Neither this Agreement nor anything in it shall be construed to be or shall be admissible in any proceeding as evidence of liability or wrongdoing by Defendant.

2.  **Consideration.** In consideration for this Agreement and compliance with the promises made herein, USIS agrees to pay to Kojac TWENTY-TWO THOUSAND FIVE HUNDRED DOLLARS AND ZERO CENTS ($22,500.00), less lawful deductions. This sum shall be allocated as follows:

(A) TWELVE THOUSAND FIVE HUNDRED DOLLARS and ZERO CENTS ($12,500.00) shall be made payable jointly as attorney's fees and costs to Kojac's legal counsel: Sharp Law Firm, PA, Federal Tax I.D. No. _____;

(B) FIVE THOUSAND DOLLARS AND ZERO CENTS ($5,000.00) shall be made payable as wage-based damages to Kojac, for which a W-2 shall be issued; and

(C) FIVE THOUSAND DOLLARS AND ZERO CENTS ($5,000.00) shall be made payable as liquidated damages to Kojac, for which a 1099 shall be issued.

Defendant shall provide the consideration identified in this Paragraph 2 within 10 days from Defendants' receipt of (1) the signed Agreement; (2) fully completed tax forms for Kojac (W-4 and W-9) and her counsel (W-9); and (3) the Court's order approving the settlement and dismissing the Lawsuit with prejudice.

   a. Kojac agrees that the foregoing shall constitute an accord and satisfaction and a full and complete settlement of her claims, shall constitute the full consideration provided to Kojac under this Agreement, and that Kojac will not seek any compensation for any other claimed damages, costs or attorneys' fees in connection with the matters encompassed in this Agreement or the Lawsuit.

   b. Kojac agrees that the consideration set forth above is fully acceptable. Kojac acknowledges that she would not otherwise be entitled to the consideration set forth above were it not for the covenants, promises and releases set forth in this Agreement and that she is entitled by reason of the covenants set forth in this Agreement only to that consideration which is expressly set forth in this paragraph.

3. Effective Date. This Agreement shall be effective seven (7) days after execution by all parties provided that Kojac does not revoke the Agreement within seven (7) days after she executes it.

4. No Other Claims. Kojac represents that as of the date she signs this Agreement, she has not filed or initiated, or caused to be filed or initiated, any complaint, claim, action or lawsuit of any kind against any of the Releasees (as defined below) in any federal, state, or local court or agency other than any administrative charge or complaint specifically alleged in the Lawsuit. Kojac agrees not to initiate or file, or cause to be initiated or filed, any action, lawsuit, complaint or proceeding asserting any of the Released Claims (as defined below) against any of the Releasees. Kojac further agrees not to be a member of any class or collective action in any court or in any arbitration proceeding seeking relief against the Releasees based on claims released by this Agreement, and that even if a court or arbitrator rules that Kojac may not waive a claim released by this Agreement, Kojac will not accept any money damages or other relief. Kojac agrees to promptly reimburse the Company for any legal fees that the Company incurs as a result of any breach of this paragraph by Kojac. Nothing in this Agreement prohibits Kojac from filing a charge or complaint with, or participating in, any investigation or proceeding conducted by the Equal Employment Opportunity Commission, National Labor Relations Board or any

comparable state or local agency. However, Kojac agrees to waive, and hereby waives, her right to recover monetary damages in any such charge or complaint.

5. General Release of All Claims by Kojac. In consideration of and in return for the promises and covenants undertaken in this Agreement, and for other good and valuable consideration, receipt of which is acknowledged, Kojac hereby acknowledges full and complete satisfaction of and does hereby release, absolve and discharge USIS and its affiliated companies, parents, members, subsidiaries, related companies and business concerns, past and present, including but not limited to Altegrity, Inc., Providence Equity Partners, and/or LLC, Kroll, Inc., as well as each of their insurers, partners, trustees, directors, officers, agents, attorneys, servants and employees, past and present, and each of them (collectively referred to as "Releasees") from any and all claims, demands, liens, agreements, contracts, covenants, actions, suits, causes of action, grievances, wages, vacation payments, severance payments, obligations, commissions, overtime payments, debts, profit sharing claims, expenses, damages, judgments, orders and liabilities of whatever kind or nature in state or federal law, equity or otherwise, whether known or unknown, which Kojac now owns or holds or has at any time owned or held as against any of the Releasees, whether known or unknown, suspected or unsuspected, arising out of Kojac's employment with USIS or termination of that employment and committed or omitted by any of the Releasees on or before the date this Agreement is executed by Kojac. Without limiting the generality of the foregoing, Kojac specifically releases all of the Releasees from any claim for attorneys' fees. KOJAC ALSO SPECIFICALLY AGREES AND ACKNOWLEDGES SHE IS WAIVING ANY RIGHT TO RECOVERY BASED ON STATE OR FEDERAL AGE, SEX, RACE, COLOR, NATIONAL ORIGIN, MARITAL STATUS, RELIGION, VETERAN STATUS, DISABILITY, SEXUAL ORIENTATION, MEDICAL CONDITION OR OTHER ANTI-DISCRIMINATION LAWS, INCLUDING, WITHOUT LIMITATION, TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, THE AGE DISCRIMINATION IN EMPLOYMENT ACT, THE EQUAL PAY ACT, THE AMERICANS WITH DISABILITIES ACT, OR BASED ON THE FAMILY AND MEDICAL LEAVE ACT, THE EMPLOYEE RETIREMENT INCOME SECURITY ACT, THE WORKER ADJUSTMENT AND RETRAINING NOTIFICATION ACT, THE FAIR LABOR STANDARDS ACT, WHETHER SUCH CLAIM BE BASED UPON AN ACTION FILED BY KOJAC, ANOTHER CURRENT OR FORMER EMPLOYEE OR BY A GOVERNMENTAL AGENCY. The releases of claims set forth in this paragraph are collectively referred to as the "Released Claims."

6. Exclusions from Release. The release does not apply to any claim that, as a matter of law cannot be released, including but not limited to claims for unemployment and workers' compensation insurance benefits. The release in this Agreement does not apply to any claims that may not be released by private agreement.

7. Confidentiality: In consideration of the obligations under this Agreement, Kojac agrees that this Agreement and the terms and conditions hereof, are strictly, and shall forever remain, confidential, and that neither Kojac nor her heirs, agents, executors, administrators, attorneys, legal representatives or assigns shall disclose or disseminate, directly or indirectly, any information concerning any such terms to any third person(s), including, but not limited to, representatives of the media or other present or former associates of USIS, under any circumstances, except Kojac may disclose the terms of this Agreement to her attorney in this action, licensed and professional accountant for tax reporting and no other purposes, licensed and

professional tax advisor for tax reporting and no other purposes, the Internal Revenue Service, or as otherwise required by controlling law (collectively, "Third Parties"); provided, however, that the Third Parties to whom such disclosure is made shall agree in advance to be bound by the terms of this paragraph 7 and all of its subparts.

(A) If Kojac is required to disclose this Agreement, its terms or underlying facts pursuant to court order and/or subpoena, Kojac shall notify USIS, in writing via facsimile or overnight mail, within 24 hours of her receipt of such court order or subpoena, and simultaneously provide USIS with a copy of such court order or subpoena. The notice shall comply with the notice requirements set forth below in paragraph 11. Kojac agrees to waive any objection to USIS's request that the document production or testimony be done *in camera* and under seal.

(B) Kojac acknowledges that a violation of paragraph 7 or any of its subparts would cause immeasurable and irreparable damage to USIS in an amount incapable of precise determination. Accordingly, Kojac agrees that USIS shall be entitled to injunctive relief in any court of competent jurisdiction for any actual or threatened violation of paragraph 7 and all of its subparts, in addition to any other available remedies.

(C) The Parties agree that the terms of paragraph 7 and all of its subparts are a material inducement for the execution of this Agreement. Any disclosure or dissemination, other than as described above in paragraph 7 and 7(A) will be regarded as a breach of this Agreement and a cause of action shall immediately accrue for damages and injunctive relief. The Parties agree that damages sustained by such breach would be impractical or extremely difficult to determine and, therefore, agree that in the event that Kojac, or any of the individuals identified in paragraph 7(A), violates this paragraph 10 or any of its subparts, Kojac shall pay USIS liquidated damages in the sum of One Thousand Dollars and Zero Cents ($1,000) per breach. The Parties further agree that such damages are not intended to be, and shall not be construed as, a penalty. In any action to enforce this liquidated damages provision, the prevailing party shall also be entitled to recover attorney's fees and costs.

(D) The Parties acknowledge that this Agreement must receive court approval and thus, will endeavor to promptly obtain said approval by filing the Agreement under seal. If the Agreement must be filed with the Court in order to obtain approval, this Paragraph 7 remains in effect and Kojac shall not disclose this Agreement, the contents of this Agreement, or direct any person to the Court file to review or obtain this Agreement.

8. <u>Non-Disparagement</u>.

    a. Kojac agrees that she will not in any way disparage the name or reputation of, or make any derogatory or negative remarks about, USIS, Altegrity, Inc., Providence Equity Partners, LLC, including their respective officers, managers and/or other employees. Nothing in this paragraph is intended to or shall prevent Kojac from providing truthful, accurate testimony pursuant to a valid subpoena or in a proceeding by a court or tribunal of competent jurisdiction.

    b. Kojac understands that Defendant would not have entered into this Agreement without the agreement of Kojac to refrain from disparaging the name or reputation of USIS, Altegrity, Inc., Providence Equity Partners, LLC, and their respective officers, managers and/or other employees. Kojac agrees that, in the event of any breach of this provision, it would be impractical or extremely difficult to fix actual damages. Therefore, Kojac agrees that, in the event of any breach of this paragraph, Kojac shall pay to Defendant, as liquidated damages and not as a penalty, the sum of $1,000.00 (One Thousand Dollars and Zero Cents) per breach, which amount represents reasonable compensation for the loss incurred because of such breach. In any action to enforce this liquidated damages provision, the prevailing party shall also be entitled to recover attorney's fees and costs.

9. <u>No Voluntary Assistance.</u> Kojac agrees that she will not voluntarily aid or assist, either directly or indirectly, any individual or entity in the assertion or pursuit of any private claim or the prosecution of any private lawsuit, action, arbitration or judicial or administrative proceeding now existing or hereinafter arising against the Releasees, and that she will provide USIS with written notice (as indicated below) of contact by any adverse party or such adverse party's representative, unless the provision of such written notice is prohibited by law. Notwithstanding this requirement, nothing contained in this paragraph shall be construed to limit Kojac's obligation to respond to any requests in the form of a valid subpoena, deposition notice, court order or similar judicial, administrative, governmental or regulatory request, which requires Kojac to appear at trial, deposition or a court or administrative hearing to give truthful testimony. Kojac agrees, however, that if she receives any subpoena, deposition notice, court order and/or other formal request for testimony, she will immediately inform USIS in writing at the follow address so that the company can take appropriate steps in a timely manner, if necessary, to protect its interests: Attn: Legal Department, USIS Corporate Headquarters, 7799 Leesburg Pike, Suite 400 South Falls Church, VA 22043-2413.

10. **No Future Employment.** Kojac waives any rights to future employment with Defendant and any related companies or entities. Kojac agrees that she will not knowingly apply for, seek or accept employment with USIS, Altegrity, Inc., Providence Equity Partners, LLC, and/or Kroll, Inc. at any time in the future. Kojac further agrees that Defendant is not obligated to offer employment (or continued employment) to Kojac, regardless of the circumstances, at any time in the future. In addition, if Kojac is hired by Defendant or any related entities listed above, regardless of the circumstances, this Agreement shall constitute good cause for implementing a termination of such employment. For purpose of this paragraph, "employment" means work as an employee, contractor or as a temporary worker placed through an agency or other third party.

11. **OWPBA Provisions.** In accordance with the Federal Age Discrimination in Employment Act of 1967 and the Older Workers' Benefit Protection Act of 1990 ("OWPBA"), Kojac is aware of the following: (1) she has the right to consult with an attorney before executing this Agreement and she is advised to do so by this Agreement, and to the extent, if any, that Kojac has desired, she has done so; (2) she has twenty-one (21) days within which to review and consider this Agreement before executing it, and that she may use as much or as little of this twenty-one (21) day period as she wishes before doing so, but the 21-day consideration period will not start anew if the Parties modify any terms of this Agreement; (3) for a period of seven (7) days following the execution of this Agreement, Kojac may revoke this Agreement by providing written notice of such revocation to Defendants and that the Agreement shall not become effective or enforceable unless and until that revocation period has expired without any revocation; (4) the releases provided for in this Agreement include the release of rights and claims under the Federal Age Discrimination in Employment Act, as amended, and the federal OWPBA, as amended, and (5) this Agreement and its releases do not waive rights or claims under the Federal Age Discrimination in Employment Act, as amended, and the federal OWPBA, as amended, that may arise after the date this Agreement is executed by Kojac. In order to be effective the revocation to Defendants must be in writing, signed, dated and delivered via registered mail, return receipt requested, to Patrick G. DeBlasio, III, Esq., Littler Mendelson, P.C., Wells Fargo Center, 333 SE 2nd Avenue, Suite 2700, Miami, FL 33131, no later than seven (7) days from the date on which Kojac signed and dated this Agreement.

12. **Attorney's Fees and Enforcement.** The Parties agree that no party shall be liable to any other party, person or entity for costs and/or attorneys' fees relating to the released claims or this Agreement, including any provided for by statute. It is further understood and agreed that if, at any time, a violation of any term of this Agreement is asserted by any party hereto, that party shall have the right to seek specific performance of that term and/or any other necessary and proper relief, including but not limited to damages, from any court of competent jurisdiction, and that the prevailing party shall be entitled to recover its/her reasonable costs and attorney's fees.

13. **Counterparts.** This Agreement may be executed in counterparts and, if so executed, each such counterpart shall have the force and effect of an original. A facsimile signature or signature scanned and sent by electronic mail shall have the same force and effect as an original signature.

14. **Choice of Law.** This Agreement shall be construed in accordance with, and be deemed governed by, the laws of the State of Florida.

15. **General Terms And Conditions.**

   a. If any provision of this Agreement or any application of any provision of this Agreement is held invalid, the invalidity shall not affect other provisions or applications of the Agreement which can be given effect without the invalid provision or application. To this end, the provisions of this Agreement are severable.

   b. Kojac represents and warrants that she has not heretofore assigned or transferred or purported to assign or transfer to any person, firm or corporation any claim, demand, right, damage, liability, debt, account, action, cause of action, or any other matter herein released. Kojac agrees to indemnify and hold the Releasees harmless against any claim, demand, right, damage, debt, liability, account, action, cause of action, cost or expense, including attorneys' fees or costs, actually paid or incurred, arising out of or in any way connected with any such transfer or assignment or any such purported or claimed transfer or assignment.

   c. This Agreement and all covenants and releases set forth herein shall be binding upon and shall inure to the benefit of the respective parties hereto, their legal successors, heirs, assigns, partners, representatives, parent companies, subsidiary companies, agents, attorneys, officers, employees, directors and shareholders.

   d. The Parties acknowledge each has read this Agreement, that each fully understands her/its rights, privileges and duties under the Agreement, and that each enters this Agreement freely and voluntarily. The Parties acknowledge that each has had the opportunity to consult with an attorney of her/its choice to explain the terms of this Agreement and the consequences of signing this Agreement.

   e. Kojac acknowledges that she may later discover facts different from, or in addition to, those she now knows or believes to be true with respect to the claims released in this Agreement, and agrees the release shall be and remain in effect in all respects as a complete and general release as to all matters released, notwithstanding any such different or additional facts.

   f. This Agreement and the provisions contained herein shall not be construed or interpreted for or against Defendant as the party that drafted the Agreement. Any law that provides otherwise is hereby waived by Kojac.

   g. The undersigned each acknowledge and represent that no promise or representation not contained in this Agreement has been made to them and acknowledge and represent that this Agreement contains the entire understanding between them and contains all terms and conditions pertaining to the compromise and settlement of the subjects referenced in this Agreement. This Agreement may only be amended or modified by a writing signed by the Parties hereto. Any waiver of any provision of this Agreement shall not constitute a waiver of any other provision of this Agreement unless expressly so indicated.

      h.    Each party acknowledges that she/it has relied solely upon her/its own legal advisors and that the lawyers and advisors to the other party have not given any legal advice to such party in connection with this Agreement.

      i.    Kojac acknowledges and agrees that Defendant is executing this Agreement for itself and on behalf of all other Releasees.

I have read the foregoing Settlement Agreement and General Release of Claims and I accept and agree to the provisions contained in this Agreement and hereby execute it voluntarily and with full understanding of its consequences.

**PLEASE READ CAREFULLY. THIS AGREEMENT CONTAINS A GENERAL RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

Dated: 8/12/14

_____
DAWN KOJAC

Dated: 8/19/2014

US INVESTIGATIONS SERVICES, LLC

By: _____
Print Name: KEITH R. SIMMONS
Title: VP + ASSISTANT SECRETARY

Firmwide:128313109.1 065061.1014